# 2004 DTA 132

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE FAJARDO, PANEL IX

DIEGO LUIS CANDELARIA PACHECO, NANCY ALOMAR DUQUE Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA
Apelados

v.

PEDREGALES DEVELOPMENT CORP.; DESAROLLADORES URBANOS S.E.; COMPAÑÍA DE

SEGUROS X, Y, Z; COMPAÑÍA DE SEGUROS A, B Y C JOHN DOE
Apelantes

Núm. KLAN-04-00347

San Juan, Puerto Rico, a 12 de agosto de 2004

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Córdova Arone y Salas Soler

Pesante Martínez, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Ante nos, la parte recurrente, ██ compañía desarrolladora y vendedora de viviendas Pedregales Development Corp. (en adelante, *"Pedregales"*), procurando la revocación de una resolución y orden emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la misma, se declaró No Ha Lugar la moción de sentencia sumaria instada por el recurrente en un pleito sobre incumplimiento de contratos y daños y perjuicios incoado por los recurridos, Diego Luis Candelaria, Nancy Alomar Duque y la sociedad legal de gananciales por ellos compuesta, contra la desarrolladora recurrente y las Compañías de Seguros X, Y, Z y A,B y C.

Por entender que en el presente litigio existía controversia real sustancial en cuanto a hechos materiales entre las partes, el TPI emitió el dictamen según referido, señalando el caso para conferencia con antelación al juicio y requiriendo de las partes la presentación del informe de conferencia preliminar entre abogados.

Examinada la totalidad del expediente, se deniega la expedición del recurso de *certiorari* solicitado.

I

El 21 de septiembre de 2000, la parte recurrida de epígrafe adquirió la residencia F-19 en la Urbanización Pedregales en el Municipio de Río Grande. Dicha compraventa se efectuó mediante Escritura Número sesenta y dos (62) de Segregación, Liberación y Compraventa, otorgada el 21 de septiembre de 2000. La parte recurrente, Pedregales Development, Corp., fue la desarrolladora y vendedora de la urbanización donde se encuentra sita la propiedad en cuestión.

Al momento de efectuarse el negocio jurídico antes mencionado, la propiedad F-20 de la misma urbanización, colindante con aquélla, ya se había vendido. Al cabo de un tiempo, el propietario del solar F-20 construyó una verja en bloques y cemento para dividir la colindancia de su terreno con el perteneciente a la F-19. Según alegado por la parte recurrente, la construcción aludida se efectuó previo a que se le vendiera el terreno F-19 a los recurridos. Añade la parte recurrente que éstos no intervinieron en ninguna forma con la planificación, diseño o construcción de la verja construida por el dueño del solar F-20 ni tampoco se les consultó al momento de la construcción de la misma, pues éste era el dueño de la propiedad F-19 al momento de tal construcción. Al momento en que los recurridos efectuaron la compraventa del solar F-19, la verja que dividía esta propiedad de la F-20 ya existía, según aduce la parte recurrente, y aquéllos conocían de tal verja con anterioridad a efectuar la compraventa.

La venta del solar de los recurridos, es decir, el solar F-19, se efectuó por precio alzado, según surge de la página cinco de la referida escritura. ██ Continúa la parte recurrida aduciendo que a los recurridos se les entregó todo el terreno que estaba dentro de los linderos establecidos en la escritura, y previo a efectuar la compraventa, ya estaba construida la verja de la propiedad F-20. En consecuencia, según acotado por los recurrentes, al momento de llevarse a cabo el negocio jurídico en cuestión, todos los factores y hechos que dieron margen a la acción instada ante el TPI ya existían y eran de conocimiento de los recurridos.

Por su parte, la parte recurrida reclamó que la construcción de la verja divisora de la propiedad F-20 tuvo el efecto de reducir la cabida del terreno que ellos compraron. Acota dicha parte que la cabida reducida se debe al hecho que el vendedor de la propiedad no les entregó todo el terreno comprendido en la descripción registral de los correspondientes linderos, y señalaron a Pedregales como los responsables de no haber instruido a su personal para que marcasen correctamente dichas colindancias. En consecuencia, los recurridos indicaron que su propiedad tenía una cabida superficial de terreno menor a la descrita en la escritura de compraventa, lo que a su vez resultó en una merma del valor de su propiedad.

El 18 de diciembre de 2001, ante dicha situación, los recurridos se vieron compelidos a instar ante el TPI la acción sobre incumplimiento de contrato y daños y perjuicios contra los recurrentes, debido a la merma en el valor de la propiedad producto de la reducción de cabida en su terreno. Además, reclamaron de Pedregales Development Corp., daños alegadamente causados a su propiedad como consecuencia de la construcción de la verja del solar F-20.

Entretanto, Pedregales Development Corp. presentó una Demanda contra Tercero con el propósito de traer al pleito a George Roldán Gómez, Evelyn Rodríguez y la sociedad legal de gananciales por ellos compuesta, todos siendo propietarios de la colindante propiedad F-20. Mediante esta acción, los recurrentes responsabilizaron a los terceros demandados de ocasionar los alegados daños a la propiedad de los recurridos, ello como resultado de la construcción efectuada por dicho matrimonio de la susodicha verja sin la aprobación o ayuda de Pedregales Development Corp. Finalmente, los recurrentes solicitaron la desestimación de la causa de acción presentada en su contra y señalaron a los terceros demandados como los responsables de responder en su totalidad directamente a los recurridos o a ellos, conforme a la Regla 12 de las de Procedimiento Civil, 32 L.P. R.A. Ap. III.

Con el transcurso de varios trámites procesales, el 11 de agosto de 2003, la parte recurrente presentó una solicitud de Sentencia Sumaria, a tenor con la Regla 36 de las de Procedimiento Civil de Puerto Rico. 32 L.P.R. A. Ap. III. Entre sus justificaciones para mover la conciencia del TPI hacia declarar la misma con lugar, éstos trajeron a colación la intención de las partes al momento de suscribir el contrato de compraventa por encima de la verdadera mensura de la cabida de la propiedad objeto del negocio jurídico en cuestión. Además, puntualizaron la naturaleza especulativa de las alegaciones de los recurridos al mencionar que no se había llevado a cabo una mensura del área superficial·del mencionado terreno, por lo que cabía la posibilidad que el terreno entregado era de igual cabida al acordado o hasta de una cabida mayor, ello contrario a lo alegado.

Contemporáneo a dicha fecha, las partes suscribieron un informe sobre conferencia preliminar entre abogados mediante el cual la parte recurrente presentó enmienda a sus alegaciones para hacer constar su acción instada contra terceros, y se presentaron las teorías del caso. Más adelante, los recurridos presentaron su oposición a la solicitud de sentencia sumaria por entender que, en efecto, existían varios hechos materiales que sí estaban en controversia. Entre los puntos controvertibles, la parte recurrida señala los siguientes: (i) si Pedregales marcó correctamente los puntos colindantes en el terreno comprado por la recurrida; (ii) la verdadera intención de las partes al momento de otorgar la escritura de compraventa, específicamente el asunto de colindancia con el solar F-20; y (iii) si la venta realizada por Pedregales era en realidad por precio alzado y su efecto sobre el precio de venta final, a base de la alegada diferencia en la cabida por metro cuadrado.

Sometido el asunto ante la consideración del TPI, el 27 de febrero de 2004, dicho foro emitió la resolución y orden recurrida mediante la cual declaró no ha lugar la moción de sentencia sumaria presentada por la parte recurrente. El TPI basó su determinación sobre las mismas consideraciones que trajo a colación la parte recurrida en cuanto a las controversias de hechos señaladas por dicha parte. El 15 de marzo de 2004, la parte recurrente solicitó ante el TPI una reconsideración de su dictamen, la cual recibió un no ha lugar por parte del foro instado.

Inconforme, la parte recurrida acudió ante nos. Como único error, le imputó al TPI la comisión de lo siguiente:

*"ERRÓ EL [TPI] AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA BASÁNDOSE EN QUE EXISTEN CONTROVERSIAS QUE NO PERMITEN DISPONER DEL CASO CONTRA PEDREGALES POR LA VÍA SUMARIA, CUANDO A NUESTRO ENTENDER TALES CONTROVERSIAS, LEVANTADAS EXCLUSIVAMENTE POR EL [TPI] Y NO POR LOS [RECURRIDOS], NO SE RELACIONAN A LA CONTROVERSIA GENUINA EN RELACIÓN CON LOS HECHOS MATERIALES DEL LITIGIO."*

Mediante Resolución de 14 de junio de 2004, le concedimos a la parte recurrida un término para presentar su alegato. Las partes comparecieron, y con el beneficio de sus argumentos, resolvemos sin ulterior trámite que no le asiste la razón a los recurrentes. Veamos.

## II

En el alegato que presentara ante esta Curia, la parte recurrida argumentó que este caso envolvía elementos controvertibles que ameritaban ser auscultados por el TPI en sus méritos, no sumariamente como pretendía la parte recurrente. Estamos de acuerdo con su argumento.

La sentencia sumaria es un remedio extraordinario y discrecional que solamente debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence de que tiene ante sí la verdad de todos los hechos pertinentes. *Véase, Rosario v. Nationwide Mutual,* opinión de 4 de marzo de 2003, 158 D.P.R. __ (2003), **2003 J.T.S. 34.**

La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, faculta a una parte a presentar una moción con el fin de que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. *Jusino Figueroa v. Walgreens,* opinión de 1ro de noviembre de 2001, 155 D.P.R. __ (2001); **2001 J.T.S. 154;** *Soto v. Caribe Hilton,* 137 D.P.R. 294 (1994).

De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal a dictar sentencia sumaria cuando no existe *"controversia real sustancial en cuanto a ningún hecho material y ...como cuestión de derecho debe dictarse sentencia a favor de la parte promovente".* *Véase, García Rivera et al. v. Enríquez,* opinión de 2 de febrero de 2001, 153 D.P.R. __ (2001), **2001 J.T.S. 15;** *Mgmt. Adm. Servs. Corp. v. E.L.A.,* opinión de 29 de noviembre de 2000, 152 D.P.R. __ (2000), **2000 J.T.S. 189;** *Rodríguez v. Secretario de Hacienda,* 135 D.P.R.

219 (1994); *Tello v. Eastern Airlines*, 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720-721 (1986).

El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta innecesaria la celebración del juicio plenario. Es decir, se pretende aligerar la tramitación de un pleito mediante el uso de la sentencia sumaria. *Véase, Rosario v. Nationwide Mutual, supra*; *García Rivera et al. v. Enríquez, supra*. Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. *Pilot Life Ins. Co. v. Crespo Martínez*, 136 D.P.R. 624 (1994).

La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. *Véase, Rosario v. Nationwide Mutual, supra*; *J.A.D.M. v. Centro Comercial Plaza Carolina*, 132 D.P.R. 785 (1993). La determinación de disponer de un litigio mediante este mecanismo es un asunto inminentemente discrecional del Tribunal de Primera Instancia. Sólo en casos de abuso de la discreción conferida es que habremos de intervenir. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994).

Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido controvertidos o refutados en forma alguna por los documentos. *Corp. Presiding Bishop CJC of LDS v. Purcell, supra.*

El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que han sido refutados; (3) surge de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. *PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.* No es aconsejable utilizar el mecanismo procesal de la sentencia sumaria cuando están presentes elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. *Soto v. Hotel Caribe Hilton, supra.*

El sabio discernimiento es el principio rector para el uso de la sentencia sumaria, pues mal utilizada puede prestarse para despojar a un litigante de su *"día en corte"*, principio elemental del debido procedimiento de ley. *Véase, Rosario v. Nationwide Mutual, supra*; *García Rivera et al.v. Enríquez, supra*; *Mgmt. Adm. Servs. Corp. v. E.L.A., supra*; *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R. 613, 617-618 (1990).

Existen litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos, el Tribunal puede reunir ante sí toda la verdad de los hechos a través de *"affidávits"* o *"deposiciones"*. Se identifican como incluidos en esta categoría aquellos casos que contienen elementos subjetivos; es decir, controversias en las que el factor credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo. *Rosario v. Nationwide Mutual, supra.*

Constituye una de esas situaciones donde, por su naturaleza, el tribunal de instancia podría no tener ante sí toda la verdad de los hechos, mediante el uso exclusivo de los documentos existentes en los autos. *Soto v. Hotel Caribe Hilton, supra.*

Según resuelto reiteradamente por el Tribunal Supremo, toda vez que existen dudas sobre la procedencia de la moción, o de las alegaciones respondientes, la misma debe ser resuelta en contra de la parte que la propuso. Véase, *Bonilla Medina v. P.N.P.*, 140 D.P.R. 294 (1996); *Rivera Santana v. Superior Packing, Inc.*, 132 D.P.R.

115 (1992).

Al evaluar el caso de marras, nos percatamos de que el mecanismo procesal de la sentencia sumaria no puede ser el adecuado, según pretende la parte recurrente, para atender los asuntos planteados ante el TPI.

En la moción presentada por Pedregales Development Corp., éste solicitó que se dictara sentencia sumaria a su favor, quedando por dilucidarse entonces el responsable, si alguno, de las alegaciones de la parte recurrida en la demanda. El foro de instancia obró conforme a derecho al no disponer del pleito en su totalidad resolviendo con un no ha lugar la moción de sentencia sumaria, según solicitada por la parte recurrente.

Al así proceder, el TPI actuó correctamente, dado que no tuvo ante su consideración prueba suficiente para resolver contrario a ello y sostener un dictamen. El TPI se refirió específicamente a la existencia de controversia sobre hechos materiales sobre si Pedregales tenía conocimiento o no que los terceros demandados habían invadido con la construcción de la verja de bloques y cemento la propiedad F-19 a la que hace referencia la demanda. El TPI indicó en su dictamen que dicho hecho material debía dilucidarse, dado que la propiedad, al momento de la construcción, le pertenecía a Pedregales, quien, con posterioridad a ello, se la vendió a los recurridos.

De otra parte, el TPI alegó que está también en controversia la verdadera intención de las partes con respecto a los linderos de las propiedades F-20 con la propiedad de los recurridos, F-19, al momento de otorgar la referida escritura de compraventa; si las partes conocían o no la existencia de la verja; y cuál fue el acuerdo, si alguno, con respecto a la misma. Finalmente, el tribunal recurrido entendió que existía controversia sobre si Pedregales Development Corp. informó correctamente o no a los recurridos sobre la mensura del terreno y los linderos correspondientes antes de perfeccionar el negocio jurídico de referencia.

Se colige de lo anterior que el TPI basó su dictamen principalmente en las aseveraciones contenidas en la oposición a la moción de sentencia sumaria presentada por los recurridos. La misma fue sustentada con prueba documental de un plano (*"plot plan"*) del área bajo escrutinio.

Como es sabido, al resolver una moción de sentencia sumaria, el tribunal tendrá que basarse en declaraciones juradas, deposiciones, contestaciones a interrogatorios, admisiones de las partes u otra prueba documental que surja del expediente. *Véase, Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716 (1994); *Demas v. Builders Ins. Co.*, 109 D.P.R. 774 (1980).

La parte demandante tiene la obligación de presentar prueba documental en apoyo a sus alegaciones, al oponerse a la moción de sentencia sumaria del demandado o al presentar la propia. *Toledo v. Cartagena*, 132 D. P.R. 249 (1992).

Al examinar el expediente ante nuestra consideración, nos percatamos de discrepancias entre el contenido de la escritura de compraventa, específicamente la parte que describe la propiedad aludida, los verdaderos linderos entre ambas propiedades, la intención de las partes en virtud de la anterior contención y el conocimiento, si alguno, que pudo haber tenido Pedregales sobre la existencia de la verja, al momento de vender la propiedad.

Siendo ello así, forzoso es concluir que existen cuestiones de credibilidad sobre conocimiento de la verdadera mensura del terreno, la existencia de limitaciones al mismo al momento de otorgar la escritura de referencia, y la intención de las partes; a toda luz, cuestiones de credibilidad que ameritan ser dirimidas en un juicio en sus méritos.

Mediante el vehículo procesal de la sentencia sumaria, el TPI no podía determinar efectivamente si

Pedregales Development Corp. conocía de la existencia de la construcción de la verja mencionada y la verdadera mensura de los linderos del terreno en controversia. Ello, a su vez, era necesario para la adjudicación adecuada de responsabilidades sobre la alegación de daños esgrimida por los recurridos.

Es decir, resulta imprescindible la celebración de una vista evidenciaria en la cual el foro de instancia reciba prueba y pueda adjudicar los méritos de las alegaciones esbozadas por las partes. Ello permitiría, por consiguiente, una adecuada resolución de las controversias relacionadas de la intención de las partes al momento de otorgar la escritura de compraventa y el conocimiento de Pedregales Development Corp., de existir tal, sobre la existencia de la verja y la demarcación territorial del solar F-19.

Habiendo cuestiones de credibilidad a ser ventiladas en un juicio en sus méritos, no abusó de su discreción el TPI al declarar no ha lugar la moción de sentencia sumaria solicitada por los recurrentes.

Al celebrar la vista en sus méritos, el TPI determinará si procede que se condenen a la parte recurrente al pago de costas, gastos e intereses desde la fecha de los hechos por concepto de daños y partidas por concepto de honorarios de abogado, de entender procedentes los mismos. No se cometió el error imputado.

### III

Por los fundamentos precedentemente expuestos, se deniega la expedición del recurso según solicitado y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2004 DTA 132

1. El presente recurso se presentó originalmente ante nos como una apelación, y fue registrado alfanuméricamente en Secretaría como tal. Sin embargo, por tratarse de una resolución el dictamen recurrido, el mecanismo procesal correcto para revisar la resolución impugnada es el recurso de *certiorari*, y como tal, lo acogeremos, aunque la causa continuará con el registro alfanumérico asignado. Regla 43.1 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III.

2. Véase *Escrito de Apelación*, Exhibit 4, pág. 17.